PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. BIRO, | ) | |
| | ) | CASE NO. 4:22cv672 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HR BUSINESS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

   *Pro se* Plaintiff Michael G. Biro filed this action against Defendant HR Business in the

District Court for Southern District of Ohio.  ECF No. 1.  The action was subsequently

transferred to this Court.  *See* ECF No. 7.

I.

   Although it appears, from an attachment Plaintiff submitted with the Complaint, that this

case pertains to Plaintiff's termination from Giant Eagle due to his failure to complete an

attestation regarding his vaccination status as Giant Eagle requested (*see* ECF No. 1-1 at PageID

#: 7), Plaintiff's two-paragraph Complaint, as well as various additional filed documents, consist

largely of incomprehensible statements.  *See also* ECF Nos. 3, 4, 5, 8.  Plaintiff's filings do not

set forth understandable factual allegations or legal claims against Defendant.  The only clearly

discernible legal ground Plaintiff cites in the Complaint is "Article 1, Section 9 United States

Constitution."  ECF No. 1 at PageID #: 2.  Plaintiff's request for relief is also incomprehensible.

*See id*. at PageID #: 4.

(4:22CV672)

Additionally, Plaintiff has not paid the filing fee or sought permission to proceed *in forma pauperis,* despite having been expressly ordered to do so by the District Court for the Southern District of Ohio before the action was transferred.  *See* ECF No. 2.  Nonetheless, it would be futile to require Plaintiff to remedy this deficiency because the Court finds, upon its own review, that Plaintiff's Complaint must be dismissed.

 *Pro se* pleadings are generally entitled to liberal construction and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But the lenient treatment accorded *pro se* plaintiffs has limits.  *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).  Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction.  Accordingly, a district court may, at any time, *sua sponte* dismiss any complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that Plaintiff's Complaint warrants dismissal pursuant to *Glenn*.  The statements and assertions set forth in Plaintiff's pleadings are incomprehensible, and to the limited extent to which they can be understood, appear unsubstantial, and frivolous.  In sum, the

(4:22CV672)

Complaint does not provide a basis to establish the Court's subject-matter jurisdiction over any non-frivolous federal claim against Defendant.  *See* *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## II.

To the extent Plaintiff is attempting to assert a claim against Defendant for a violation of the federal Constitution, the Complaint is implausible and without merit.  Only defendants who engage in state action may be liable for constitutional rights violations under the federal and Ohio Constitutions.  *See, e.g., Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (ruling that to prevail on a federal constitutional claim under 42 U.S.C. § 1983, "Plaintiffs must demonstrate that Defendant deprived them of their rights, privileges, or immunities secured by the Constitution under color of state law") (internal citation omitted); *Jordan v. Giant Eagle Supermarket*, 2020 -Ohio- 5622, ¶ 57, 2020 WL 7258579, at *11 (Ohio App. 8 Dist., 2020) (affirming dismissal of claims asserted under the Ohio Constitution against Giant Eagle and Giant Eagle employees on the basis the defendants are not "state or governmental actors or entities").  Plaintiff's Complaint fails to allege facts suggesting Defendant engaged in state action.  Further, the Complaint suggests no plausible basis for a claim under Article 1, Section 9 of the Constitution, which pertains to powers denied to Congress.

Based on the above, the case is dismissed.  The Court further certifies pursuant to 28

(4:22CV672)

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


      IT IS SO ORDERED.


  August 31, 2022                  /s/ Benita Y. Pearson      
Date                                     Benita Y. Pearson
                                         United States District Judge